**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UPPERLINE HEALTHCARE, PC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:24-cv-00678** |
| | ) | **Judge Aleta A. Trauger** |
| **JACLYN "CARLI" HOOVER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM & ORDER**

Plaintiff Upperline Healthcare, PC ("Upperline") has filed a Motion to Strike the Defendant's Request for a Jury Trial (Doc. No. 69)—after more than two years of litigation and multiple orders entered by this court setting a date for a jury trial. Defendant Jaclyn "Carli" Hoover has filed a Response in Opposition to Upperline's Motion, arguing that Upperline has forfeited its contractual right to a bench trial after sitting on that right up until now. (Doc. No. 71.) As further detailed below, the court agrees with Hoover and finds that Upperline has waived its right to a bench trial under the Employment Agreement (the "Agreement") giving rise to the claims in this case. (Doc. No. 37-1.)

## I. BACKGROUND

### A. Hoover Invokes Her Right to a Jury Trial

Upperline initiated this action in the Chancery Court for Davidson County, Tennessee in May 2024, asserting claims against Hoover for breach of certain restrictive covenants under the Agreement signed by the parties. (Doc. No. 1-1.) The Agreement contains a jury trial waiver provision, which reads as follows:

> THE PARTIES IRREVOCABLY AND VOLUNTARILY WAIVE ANY RIGHT THEY MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY DISPUTE, AND THE PARTIES AGREE AND UNDERSTAND THAT THE EFFECT OF THIS SECTION 13(f) IS THAT THEY ARE GIVING UP THE RIGHT TO TRIAL BY JURY.

(Agreement § 13(f) (emphasis in the original).) Hoover filed her operative Answer on August 5, 2024 (Doc. No. 19) after removing the action to this court. (Doc. No. 1.) Hoover demanded a jury trial in her pleading. (Doc. No. 19 at 1, 8.) After Hoover filed her Answer, the parties filed a Joint Proposed Initial Case Management Order, which was signed by the parties' counsel. (Doc. No. 20.) The joint filing made no mention of the jury trial waiver provision in the Agreement.

**B. The Court Enters Two Separate Orders Scheduling a Jury Trial**

To date, the court has entered two separate scheduling orders setting this case for a jury trial. The first Order was entered on August 19, 2024. (Doc. No. 22.) The first paragraph of that Order was unequivocal: "This case is set for *jury trial* on Tuesday, February 17, 2026 at 9:00 a.m. in Courtroom 6C of the United States Courthouse, 719 Church Street, Nashville, Tennessee." (*Id*. ¶ 1 (emphasis added).) Thereafter, Upperline joined in several motions submitted to the court. (Doc. Nos. 23, 25–26.) None of those joint motions even hinted at Upperline's objection to the court's Order setting the case for a jury trial. Upperline also joined in a motion seeking an extension of the pretrial deadlines in this case. (Doc. No. 30.) Again, Upperline never objected to the August 2024 Order setting a jury trial. (*Id*.)

Over a year later, the court entered a second Order resetting the trial date for May 2026. (Doc. No. 32.) That Order also made clear that the trial would be a jury trial. (*Id*. ¶ 1.) Upperline never objected to the court's May 2026 Order setting a jury trial. Nor did Upperline purport to invoke its contractual right to a bench trial under the Agreement.

### C. After More Than Two Years of Litigation, Upperline Invokes its Right to a Bench Trial for the First Time

In late 2025, the parties cross-moved for partial summary judgment on liability. (Doc. Nos. 37–38, 40–41, 47, 49, 52–53.) Later, the court denied both parties' partial summary judgment motions. (Doc. Nos. 59–60.) One month after the court denied its partial summary judgment motion, Upperline filed a motion requesting a scheduling conference to address pretrial and trial scheduling matters with the court. (Doc. No. 63.) As with every prior court filing, Upperline declined to reference the Agreement's jury trial waiver provision.

On August 31, 2026, the court held a scheduling conference in chambers. (Doc. Nos. 64–66.) During the conference, Upperline suggested for the first time that Hoover was not entitled to a jury trial under § 13(f) of the Agreement. Following the conference, the court entered an Order directing Upperline to file a motion supporting its argument to strike Hoover's jury demand if the parties were unable to reach agreement on how to proceed. (Doc. No. 67.) Upperline has since filed a Motion to Strike the Defendant's Jury Demand (Doc Nos. 68–69) and Hoover has filed a Response in Opposition to Upperline's Motion to Strike (Doc. Nos. 70–71.)

## II. DISCUSSION

The court notes that Upperline's Motion focuses on the validity of the contractual provision under which the parties waived the right to a jury trial. (*See, e.g.*, Doc. No. 69 at 4–11.) The validity of the provision, however, is irrelevant because Hoover has not challenged its validity. Rather, Hoover argues that Upperline's litigation conduct over the last two years constitutes a *forfeiture* of the contractual right and thus the provision is *unenforceable*. (*See, e.g.*, Doc. No. 71 at 7.) The court agrees.

The Sixth Circuit has recognized that a party may waive a contractual right through litigation conduct that is inconsistent with that right. *Schwebke v. United Wholesale Mortg. LLC*,

96 F.4th 971, 974 (6th Cir. 2024). In determining whether a party has waived a contractual right, courts focus "solely 'on the actions of the person who held the right' without considering 'the effects of those actions on the opposing party.'" *Doe v. Piraino*, No. 3:22-cv-00560, 2024 WL 1421253, at *5 (M.D. Tenn. Apr. 2, 2024) (citation and quotation marks omitted). In other words, the overarching inquiry "ask[s] whether the party's conduct is completely inconsistent with" the claimed right. *Id*. at *6.

Here, Upperline litigated this case for over two years before seeking to invoke its contractual right to a bench trial. During that time, Hoover invoked her constitutional right to a jury trial in her Answer (Doc. No. 19 at 1, 8), the court issued two Scheduling Orders setting this case for a jury trial (Doc. Nos. 22, 32), and Upperline joined several joint court filings that never even referenced the contractual provision (much less invoked it). (Doc. Nos. 23, 25–26.) Upperline first purported to invoke this right after the court denied the parties' summary judgment briefing and the prospect for a trial became real.

Those facts are exactly what convinced the court in *Police & Fire Ret. Sys. of City of Detroit v. Watkins* to deny the plaintiffs' motion to strike the defendants' jury demand as untimely. No. 08-12582, 2013 WL 817929, at *2 (E.D. Mich. Mar. 5, 2013). There, as here, the defendants demanded a jury trial several years earlier in their answer and the court entered an order setting the case for a jury trial. *Id*. at *1–2. Ignoring this clear notice, the "Plaintiffs waited years to seek to enforce the jury trial waiver provision." *Id*. at *2. The court concluded that the plaintiffs' delay in invoking their contractual rights was inexcusable.

Other cases further illustrate the risks with proceeding as Upperline has here. For example, the Seventh Circuit found in *Walton v. First Merch.'s Bank* that a defendant "implicitly waived its contractual right to a bench trial" when the plaintiff put the defendant "on notice" through the

plaintiff's pleading that she demanded a jury trial. 820 F. App'x 450, 454 (7th Cir. 2020). Declining to raise the contractual waiver in the early stages of the litigation, the defendant first raised the issue "over two years later, after" the court had "scheduled the case for a jury trial" and the plaintiff "failed to secure a complete victory at summary judgment, and the prospect of a trial was certain." *Id*. at 455. Those facts are indistinguishable from the facts here, and reinforce the untimeliness of Upperline's Motion. *See Johnson v. Newrez, LLC*, No. 3:22-cv-635-BJD-JBT, 2023 WL 7828468, at *2 (M.D. Fla. Nov. 15, 2023) (defendant waived right to enforce contractual jury trial waiver provision after failing to respond for over a year to multiple court filings and orders that "all indicated a jury trial.").

## III. CONCLUSION

For the reasons stated herein, the court finds that Upperline has waived its right to invoke the jury trial waiver provision under § 13(f) of the Agreement and therefore Upperline's Motion (Doc. No. 69) is **DENIED**. The trial will proceed as a jury trial, but the court must change the date of the trial from the one announced at the August 2026 management conference.



ALETA A. TRAUGER
United States District Judge